# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 11, 1910.

### ANTOINETTA LAVARELLO
### VS.
### FORTUNATO LAVARELLO.

*Thomas Mackenzie* for plaintiff.

*Charles Morris Howard* and *Richard H. Pleasants* for defendant.

STOCKBRIDGE, J.—

The bill in this case seeks to recover the sum of $3,000, or some part of it, upon one of three theories:

(1) That the plaintiff was entitled to that sum as and for an agreed valuation of the interest of the plaintiff's deceased husband in a firm of which he was a member, or

(2) Upon an agreement by the father of the defendant to pay her that sum, or

(3) As an enforcement of a voluntary trust created by the father of the defendant in favor of the plaintiff.

The first of these theories is not maintained for the reason that the plaintiff does not appear either by the pleadings or proof, to be the executor or administrator of her deceased husband, and therefore she was without authority in law to agree upon such valuation, or if agreed to, to enforce its payment.

The second ground is no more substantial. If the father of the present defendant did make a valid agreement to give to the plaintiff the sum of $3,000, or any other sum, and the proof in the present case is insufficient to establish this, and violated that agreement, the proper mode of procedure on the part of the plaintiff was clearly to have proved her claim in the Orphans' Court, and then if it was rejected by the administrator to have brought suit in a Court of Law.

Lastly, was there a valid creation of a voluntary trust? The facts relied on to establish this, are about as follows:

Rocco Lavarello, the husband of the plaintiff, had an insurance on his life of $3,000, in favor of his brother and partner, Fillippo. When Rocco died Fillippo collected the money, and on June 9, 1899, wrote to the plaintiff, "Today I will cash the $3,000, and at once I will put them in bank to your credit."

From time to time, about four times a year, Fillippo sent to the plaintiff various sums of money, usually $20 or $25 at a time, and in the letter of May 5, 1900, wrote: "If I will determine not to come I will send you a little money for interest."

Fillippo was the uncle of the plaintiff, both were Italians, and it is not entirely clear from such an expression whether the writer had in mind interest on money in the hands belonging to the plaintiff, or his interest and regard for her as a relative.

The plaintiff, it is true, was examined and testified to conversations with and a promise made by her deceased uncle as to the deposit of the money, and the terms and conditions of it, but this testimony is clearly not admissible under the Evidence Act.

It further appears in testimony that Fillippo Lavarello never did in fact deposit the money to the credit or account of the plaintiff, but did deposit it in bank to his own individual credit, and from time to time checked it out, apparently for various purposes, the last withdrawal having taken place about five months after the original deposit of $3,000.

During the four years and a half which ensued, i. e., up to the 23rd of June, 1905, when Fillippo died, the plaintiff does not appear to have made any demand for the money or any part of it, or to have claimed it to constitute a trust fund for her benefit.

During the entire period from the first receipt of the insurance money of $3,000, it continued under the complete dominion and control of Fillippo alone, and was in part at least used by him. The trust, if any, must therefore rest upon the letters of June 9, 1899, and May 5th, 1900. The case thus presented is at best one of a voluntary agreement, without other consideration than the regard and affection which may be assumed to exist between an uncle and niece, and where even from the very terms of the letter of June 9, 1899, a

further act was necessary to make it complete, which act was never performed.

This falls far short of the legal requirements for the creation of an enforceable voluntary trust.

The bill must, therefore, be dismissed.